ESTATE OF BENJAMIN LIECHTUNG, DECEASED, HERBERT LIECHTUNG AND HARRIETT SCHECHTER, ADMINISTRATORS AND SADIE LIECHTUNG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Liechtung v. Commissioner
Docket No. 8720-78.
United States Tax Court
T.C. Memo 1980-352; 1980 Tax Ct. Memo LEXIS 235; 40 T.C.M. (CCH) 1118; T.C.M. (RIA) 80352; September 2, 1980, Filed Steven Kamerman, for the petitioners. Barry C. Feldman and Theodore M. David, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined deficiencies in petitioners' income tax of $8,255 in 1974 and $6,477 in 1975. The sole issue presented is whether Benjamin Liechtung realized taxable income from the interest-free use of funds borrowed from a corporation of which he was the president and sole shareholder. This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure.
At the time the petition *236 in this case was filed, the Estate of Benjamin Liechtung had its legal address in New York, New York, and Sadie Liechtung resided in Brooklyn, New York. Benjamin Liechtung (Liechtung), whose estate is a petitioner herein, and petitioner Sadie Liechtung were married during the taxable years 1974 and 1975 until Liechtung's death on January 18, 1975. Petitioners filed joint Federal income tax returns using the cash basis method of accounting for the taxable years 1974 and 1975. Until his death, Liechtung was the sole shareholder of Puritan Estates, Inc. (Puritan), a New York corporation. From time to time prior to 1974, Puritan loaned him money for which it did not charge him any interest and on which no interest was paid in 1974 or 1975. As of December 31, 1973, the outstanding balance of loans made by Puritan to Liechtung was $298,645. As of December 31, 1974, the outstanding balance on these loans was $297,395. The outstanding balance on these loans as of January 18, 1975, was $296,283. It is respondent's position that Liechtung received an economic benefit from the interest-free use of these funds, that the value of the benefit is includable in gross income pursuant *237 to section 61, [1] and that he is entitled to no offsetting deduction because he neither was obligated to nor in fact paid any such interest. Respondent acknowledges the applicability of our decision in Dean v. Commissioner,35 T.C. 1083 (1961), in which we held that "an interest-free loan results in no taxable gain to the borrower" (35 T.C. at 1090), to the facts in the instant case, but argues that Dean was wrongly decided and should not be followed. We recently reviewed our decision in Dean v. Commissioner,supra, and reaffirmed it. Greenspun v. Commissioner,72 T.C. 931 (1979), on appeal (9th Cir. Nov. 20, 1979). Moreover, the Dean rationale has been found to be persuasive by a Court of Appeals Suttle v. Commissioner,     F.2d     (4th Cir. 1980, 46 A.F.T.R. 2d 80-5413, 80-2U.S.T.C. par. 9534), affg. *238 a Memorandum Opinion of this Court. We see no reason to reconsider our position at this time. See Marsh v. Commissioner,73 T.C. 317, 327 (1979); Creel v. Commissioner,72 T.C. 1173 (1979), on appeal (5th Cir., Feb. 15, 1980); Zager v. Commissioner,72 T.C. 1009 (1979), on appeal (5th Cir. Feb. 5, 1980). [2]
Respondent's argument that Dean v. Commissioner,supra, and its progeny were based on the erroneous rationale that imputing income with respect to the interest-free loans required imputing the interest deduction as well, was rejected in each of those cases. In his brief, he argues for the first time, that, assuming this rationale is correct, the petitioners have not shown that, had interest been legally required and paid, the payments would not have fallen into one of the statutory exceptions to deductibility (e.g., section 265(2)), or the limitations to deductibility (e.g., section 163(d)). It is well settled that issues raised for the first time on brief will not be considered when to do so prevents the opposing party *239 from presenting evidence that he might have if the issue had been timely raised. Estate of Horvath v. Commissioner,59 T.C. 551, 555 (1973). We think this principle should be applied herein. On its face, the notice of deficiency [3] neither raises nor precludes the issue of the deductibility of interest had it been legally required and paid. The pleadings do not sufficiently refine the issue. See Rule 31(a), Tax Court Rules of Practice and Procedure. The petition merely states that "the deficiency is based upon the erroneous increase of petitioners' dividend income for the calendar years [involved herein]", and that petitioners reported all dividends received during those years. Respondent's answer simply denied that he erred as was alleged in the petition. The facts were presented to us as fully stipulated. Thus, prior to the Government's opening brief, this issue was never raised on the record, and we have no indication that petitioners were otherwise made aware of it being in issue. We, therefore, decline to reach the issue. Cf. Estate of Horvath v. Commissioner,supra at 555-556. *240 Decision will be entered for the petitioners.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. See Footnote 3, infra,↩ with respect to how the alleged economic benefit was calculated by respondent and his conclusion for the taxable year 1975.
2. See also Martin v. Commissioner,T.C. Memo. 1979-469↩.
3. The explanation of adjustments in the deficiency notice states, in relevant part: During 1974 and 1975, Puritan Estates, Inc. permitted you to use corporate property without compensation, which results in dividend income under provisions of the Internal Revenue Code, and are includible in your gross income as follows: 1974
1975
Average Outstanding Loan Balance
$298,020.00
$293,339.00
Applicable Interest Rate
7%
7%
Constructive Dividend to Shareholder
$ 20,861.00
$ 20,534.00
Therefore, your taxable income is increased in the amount of $20,861.00 for the year 1974, and $20,534.00 for the year 1975." Respondent has conceded that the constructive dividend for 1975 should be determined only for the period January 1 through 18, because only Liechtung was liable on the loan.↩